Luis M. Cortés, demandante y apelado, *v.* The Porto Rican & American Insurance Company, demandada y apelante.

No. 4454.—*Sometido:* Junio 13, 1928. *Resuelto:* Nov. 15, 1929.

*M. Rodríguez Serra,* abogado de la apelante; *M. Benítez Flores,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En un autocamión de carga (*truck*) marca Day Elder, que es propiedad de Luis M. Cortés, ocurrió un incendio que averió seriamente su motor, que estaba rajado y soldado con anterioridad, y quemó en parte la caja y la capota. Estaba asegurado contra incendio por The Porto Rican & American Insurance Co., y haciendo uso la aseguradora de la cláusula de su contrato que la autoriza para pagar el daño sufrido o para

hacer por su cuenta las reparaciones del vehículo, optó por reparar el autocamión. Cuando hechas algunas reparaciones quiso entregar dicho vehículo a su dueño éste se negó a recibirlo porque el motor no funcionaba bien y entonces la aseguradora sustituyó el motor por otro usado de un automóvil de paseo (*touring car*) marca *Stutz*. También se negó el dueño a recibir el autocamión porque el motor puesto en él no era adecuado para el servicio que había de prestar y surgió este pleito en el que se alegan tres causas de acción: la primera para que la compañía aseguradora pague al demandante $536 por los daños sufridos por el autocamión con el incendio o para que haga una reparación adecuada del mismo: la segunda para que pague la cantidad de $5,000 por el tiempo que el demandante se ha visto privado de los servicios de dicho vehículo: y la tercera para que también le pague otra cantidad de $1,000 por otros vehículos que tuvo que usar y pagar para sustituir al averiado para su trabajo.

Celebrado el juicio el tribunal de distrito dictó sentencia condenando a la compañía aseguradora demandada a hacer una reparación adecuada del autocamión del demandante, de acuerdo con lo estipulado en su contrato de seguro, y a pagarle en concepto de indemnización la suma de $1,156 y las costas.

En esta apelación interpuesta por la demandada contra dicha sentencia se alegan dos motivos de error, a saber: por la apreciación de la prueba practicada en el juicio y porque la sentencia es imprecisa y difícil de cumplir por la demandada sin recurrir a ulteriores procedimientos judiciales.

La apelante no alega error por la condena de pagar determinada cantidad de dinero como indemnización de daños y perjuicios. Dedica su alegato casi exclusivamente a sostener que el cambio de motor que hizo es una reparación adecuada, reservando muy pocas líneas para el segundo motivo de error. Por consiguiente la cuestión sometida a nuestra resolución por el primer motivo del recurso es si hubo o no error en la apreciación de la prueba en cuanto a no constituir

el cambio de motor una reparación adecuada del autocamión y a la condena de repararlo convenientemente.

Según una cláusula del contrato de seguro entre las partes, en caso de siniestro podrá la compañía reparar, reconstruir o reemplazar la propiedad perdida o dañada con otra de la misma clase y calidad. Las palabras textuales del contrato, que está escrito en inglés, son en cuanto a ese extremo las siguientes: ". . . and also to repair, rebuild or replace the property lost or damaged with other of like kind and quality. . ."

En la opinión que el tribunal inferior escribió para fundamentar su sentencia llegó a la conclusión de que por las palabras copiadas estaba obligada la demandada a sustituir la propiedad dañada con otra de igual clase y calidad y citó en su apoyo lo siguiente del Diccionario Internacional de la lengua inglesa de Webster en su edición de 1920: "Like.— Having the same or nearly the same appearance, character or characteristic, similar". "Like 1.—That which is equal or similar to another, the counterpart; an exact resemblance; a copy, an equal". También en el Diccionario de Bouvier se dice respecto de dicha palabra que significa lo que es igual en cantidad, calidad o grado, citándose a 79 N.C. 387, y que no significa necesariamente igual en todas sus partes, según 2 Cush. 145; y en el Diccionario de palabras y frases definidas judicialmente se dice en la página 4160 que *like* es definida para significar parecido; teniendo semejanza; similar o igual; lo mismo en cantidad, montante o extensión. Así, pues, esa palabra usada en el contrato en este caso no significa que el motor dañado debía ser sustituído necesariamente por otro motor *Day Elder,* y, por tanto, podía ser sustituído por otro que aunque de distinta marca o fábrica fuese de la misma clase y calidad, quedando ahora para resolver si el motor del automóvil *Stutz* que fué puesto en el autocamión es de la misma clase y calidad que el que antes tenía.

La prueba en ese extremo fué contradictoria, pues José

Acuña declaró que si a un autocamión (*truck*) de la clase del demandante se le pone un motor de un automóvil de paseo *Stutz,* éste no tiene la potencia necesaria para moverlo y no da el mismo resultado; porque el *Stutz* es un motor de alta velocidad y no tiene la fuerza suficiente para tirar en baja velocidad, y porque el autocamión (*truck*) requiere un motor de baja velocidad, que desarrolle menos velocidad, pero más potencia; y el otro perito Pedro Cotto, del demandante, dijo que no da resultado un motor de un *Stutz* aplicado a un autocamión (*truck*) *Day Elder* y que sería imposible que trabajara bien. En cambio el perito de la demandada, José Cuevas Padilla, manifestó en el juicio que esos motores *Stutz* son adecuados para *trucks.*

El conflicto de esa evidencia fué decidido por el tribunal inferior a favor de los peritos del demandante fundándose en que no se probó que tengan interés en el asunto, mientras que el perito de la demandada fué quien hizo las reparaciones en su taller por cuenta y orden de la demandada, llegando, en consecuencia, a la conclusión de que si a un autocamión (*truck*) *Day Elder* se le pone un motor de un automóvil de paseo (*touring car*) marca *Stutz,* dicho motor no tiene la potencia necesaria para mover esa clase de autocamión y que, por tanto, la demandada faltó a su contrato.

La decisión de ese conflicto de la prueba es el motivo fundamental de este recurso y se ataca diciendo que ambos motores son construídos por la misma fábrica, de lo que no encontramos justificación en la prueba, aparte de que una fábrica puede construir distintas clases de motores: en que no se adujo prueba de la diferencia entre un motor de paseo y otro de carga, lo cual no es exacto pues el perito Acuña declaró que los motores de los automóviles de paseo tienen mucha velocidad y poca fuerza mientras que los de autocamiones tienen menos velocidad pero más fuerza: y también porque no se dió crédito a la declaración del perito Cuevas Padilla, de la demandada. En este particular el tribunal tuvo ante sí un conflicto que estaba obligado a decidir y lo hizo

acertadamente a favor de los peritos del demandante, pues ellos eran personas desinteresadas en el asunto mientras que el perito contrario, Cuevas, fué el que encargado por la apelante de hacer las reparaciones estimó conveniente poner el motor del automóvil Stutz, que él había comprado usado, y es natural que creyera que había hecho una sustitución adecuada, aunque la preponderancia de la evidencia pericial es contraria a su manera de pensar, sin que el hecho de que el autocamión con el motor Stutz subiera bien la cuesta de los Frailes cerca de Río Piedras estando cargado, según declaró Cuevas, sea suficiente para demostrar la suficiencia de dicho motor en el autocamión, ya que no se probó que esa fuera la pendiente mayor de nuestras carreteras. En cuanto al testigo Olavarrieta éste sólo vió andar el autocamión frente al garage donde fué reparado. En conclusión, no podemos declarar que fué cometido el primer error alegado.

En cuanto al segundo motivo del recurso no puede alegar la apelante que la sentencia es imprecisa y difícil de cumplir al ordenarle que haga una reparación adecuada en el autocamión, pues por su contrato está obligada a saber que la sustitución que hizo del motor debía ser por otro de la misma clase y calidad. Si cumple con esto no puede temer procedimientos judiciales ulteriores justificados.

*La sentencia apelada debe ser confirmada.*